By the Court.
 

 The petitioner contends:
 

 “This application is predicated upon the proposition that the trial court
 
 lost
 
 jurisdiction by going beyond the precincts of the courtroom and out of
 
 sight
 
 and
 
 hearing
 
 of the proceedings and therefore all subsequent proceedings, to wit: the verdict and judgment became, thereby, nullities.
 

 “By reason of the judge’s absence and his failure to retain control of the proceedings there was a complete cessation of the trial and no valid verdict could be returned nor judgment of the court rendered because the trial ‘lapsed.’ Where there is no trial there can be no appeal and our sole right of relief lies in a writ of
 
 habeas corpus
 
 which is prayed for from this court.”
 

 It appears from the journal entries attached to the petition that the Court of Common Pleas overruled motions by the defendants to suspend the execution
 
 *315
 
 of their sentences and admit the defendants to bail pending appeal.
 

 The remedy for review of errors or irregularities in the conduct of a criminal trial or sentence of an accused is by appeal and not by
 
 habeas corpus
 
 when the court has jurisdiction of the crime and the person.
 
 Ex parte Van Hagan,
 
 25 Ohio St., 426; 20 Ohio Jurisprudence, 445, Section 23.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Matthias and Hart, JJ., concur.