Per Curiam.

The indictment returned by the Grand Jury of Belmont County charged the offense as having been committed in Belmont County. The truth of the material allegations of the indictment, including venue, was admitted by the entering of a plea of guilty. The question of venue was not raised in the trial court. The court had jurisdiction to pronounce sentence. Under such circumstances the remedy, if any, is by appeal, not habeas corpus. Burns v. Tarbox, Sheriff, 76 Ohio St., 520, 81 N. E., 761.
The other issues presented as to denial of fair trial because of inefficient counsel and defects in service of papers could have been determined on appeal in the criminal action. The remedy as to errors' or irregularities in the conduct of the trial or in the sentence of the accused was by appeal and is not by habeas corpus, where the court had jurisdiction of the crime and the person. In re Whitmore, 137 Ohio St., 313, 29 N. E. (2d), 363; Ex parte Van Hagan, 25 Ohio St., 426; Section 2725. 05, Bevised Code.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.