WALKER v. MAXWELL, WARDEN.

[Cite as Walker v. Maxwell, Warden, 1 Ohio St. 2d 136.]

(No. 39222—Decided March 10, 1965.)

*Mr. Willie L. Walker, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Petitioner argues that his conviction was void because he was not furnished an attorney after his arrest, and that he made certain statements prior to the appointment of his attorney which were used at his trial. However, the statements petitioner allegedly made during that time were to the effect that the killing was accidental, which was his defense and to which he himself testified on trial. Clearly, no prejudice resulted therefrom.

Petitioner raises questions in relation to the failure of the state to furnish him copies of statements of various witnesses, the refusal to admit certain evidence and the failure of the court to instruct the jury as to lesser included offenses.

Petitioner, in this action, has fallen into the same error into which many have stumbled in recent years in attempting to raise by habeas corpus questions which are cognizable only on appeal.

Habeas corpus is a preconviction remedy for illegal detention. It is not and never was a postconviction remedy for the review of errors or irregularities of an accused's conviction or for a retrial of the guilt or innocence of an accused. It is not a substitute for, nor is it a concurrent remedy with, appeal. *Barker* v. *Sacks, Warden,* 173 Ohio St. 413.

In *Ex parte Van Hagan,* 25 Ohio St. 426, it is said in the second paragraph of the syllabus:

"Habeas corpus is not the proper mode of redress, where the relator has been convicted of a criminal offense, and sentenced to imprisonment therefor by a court of competent jurisdiction; if errors or irregularities have occurred in the proceedings or sentence, a writ of error is the proper remedy."

See, also, *In re Whitmore,* 137 Ohio St. 313; *Harley* v. *Alvis, Warden,* 167 Ohio St. 48; *McConnaughy* v. *Alvis, Warden,* 165 Ohio St. 102; *Grove* v. *Maxwell, Warden,* 173 Ohio St. 559; and *Cantrell* v. *Maxwell, Warden,* 174 Ohio St. 51.

The General Assembly has provided an adequate postconviction remedy by appeal for the review of alleged errors in the conviction of an accused, and, once a conviction is had, prior irregularities merge into the judgment and must be raised

by appeal. The validity of such judgment cannot be questioned by collateral attack. *State* v. *Wozniak,* 172 Ohio St. 517; and *Perry* v. *Maxwell, Warden,* 175 Ohio St. 369. This remedy is available to all persons as a matter of right within 30 days after conviction and by motion for leave to appeal at any time. Where an accused has failed to pursue his appeal within the statutory period for appeals as a matter of right he has available to him the motion for leave to appeal. This is not an empty right. If the accused can show reasonable grounds for his delay in pursuing his appeal as a matter of right within the statutory period or if the failure to grant such appeal would result in a clear miscarriage of justice, to deny such motion would constitute an abuse of discretion.

That habeas corpus is not the proper remedy after conviction for the review of errors or irregularities has been pointed out many times. A partial but not all-inclusive list of matters not cognizable in habeas corpus but which must be raised by appeal includes the claim of double jeopardy (*Foran* v. *Maxwell, Warden,* 173 Ohio St. 561), irregularities in the trial (*Cantrell* v. *Maxwell, Warden,* 174 Ohio St. 51), questions in relation to evidence (*Saulsbury* v. *Green, Supt.,* 175 Ohio St. 433, *Spence* v. *Sacks, Warden,* 173 Ohio St. 419), guilt or innocence (*Simpson* v. *Maxwell, Warden,* 1 Ohio St. 2d 71), perjury of witnesses and separation of the jury (*White* v. *Maxwell, Warden,* 174 Ohio St. 186), errors in sentence (*Ex parte Van Hagan,* 25 Ohio St. 426), competence of counsel (*Rodriguez* v. *Sacks, Warden,* 173 Ohio St. 456), failure to furnish a bill of particulars (*Douglas* v. *Maxwell, Warden,* 174 Ohio St. 92), the validity of the indictment (*State* v. *Wozniak,* 172 Ohio St. 517.), denial of a transcript (*Cook* v. *Maxwell, Warden,* 177 Ohio St. 18), the validity of prior convictions in an habitual-criminal proceeding (*Cook* v. *Maxwell, Warden,* 177 Ohio St. 41), and failure of counsel to appeal (*Henderson* v. *Maxwell, Warden,* 176 Ohio St. 187).

The questions raised by petitioner are not cognizable in habeas corpus but only on appeal.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.