DECISION AND JUDGMENT ENTRY
On September 8, 1998, in the Richland County Court of Common Pleas, Petitioner-Appellant Paul R. Limpach entered pleas of guilty to charges of aggravated robbery, aggravated burglary, and conspiracy to commit murder. Consequently, the trial court sentenced appellant to an aggregate term of six-years imprisonment and five-years community control.
After failing to timely appeal this matter, appellant filed a petition for a writ of habeas corpus in the Hocking County Court of Common Pleas claiming, inter alia, that he was denied a speedy trial. The trial court denied his application due to multiple procedural failings, namely: (1) failure to provide a list of lawsuits appellant filed within the past five years; (2) failure to attach his commitment papers to his petition; (3) failure to verify his petition; (4) failure to exercise a direct appeal of the trial court's decision; and (5) waiver of the speedy-trial challenge because he plead guilty to the charged offenses. Due to the procedural defects of appellant's application, and the lower court's reliance on them to rule on this matter, it did not reach the merits of the petition.
Appellant now appeals the judgment of the Hocking County Court of Common Pleas denying his petition for a writ of habeas corpus. Instead of properly challenging the lower court's dismissal of his petition on procedural grounds, appellant presents us with four assignments of error virtually identical to these substantive issues raised in his denied petition below. As the lower court dismissed his petition without addressing the merits, the sole issue before this Court is whether the trial court properly dismissed appellant's application for a writ of habeas corpus on procedural grounds.
We find appellant's petition to be fatally defective. Indeed, each of the five procedural failings addressed by the lower court could be independently dispositive of appellant's petition. Moreover, when considered collectively, these procedural shortcomings clearly support the trial court's decision to dismiss appellant's petition.
Therefore, we OVERRULE appellant's assignments of error and AFFIRM the decision of the Hocking County Court of Common Pleas.
 SUMMARY OF ISSUES
Four separate allegations of error are assigned in this appeal. They range from a denial of appellant's speedy-trial rights to a failure to provide appellant notice and a hearing before granting the state's motion for a continuance. These assignments of error are virtually identical to the substantive issues appellant raised in his petition for habeas corpus in the court below. Because the lower court dismissed the petition solely on procedural grounds, we too are unable to reach appellant's assignments of error. Nevertheless, in the interest of justice, we shall address the sole issue properly before this Court: whether the trial court correctly dismissed appellant's petition for a writ of habeas corpus on procedural grounds.
 STATEMENT OF THE CASE AND FACTS
Our review of the record reveals the following facts pertinent to the instant appeal. On July 11, 1997, Petitioner-Appellant Paul R. Limpach was serving an eighteen-month federal sentence for parole violation in the Federal Correctional Institution (FCI) in Cumberland, Maryland, when an Ohio grand jury returned a five-count felony indictment against him (the indictment). The Richland County Grand Jury charged appellant with five first-degree felonies: three counts of aggravated robbery, a violation of R.C. 2911.01(A)(1); one count of aggravated burglary, a violation of R.C. 2911.11(A)(1); and one count of conspiracy to commit aggravated murder, a violation of R.C. 2923.01(A)(1).
On January 26, 1998, Ohio authorities transported appellant from FCI to the Mansfield Municipal Court in Richland County, Ohio, so that he could attend the arraignment on the offenses charged in the indictment. Appellant entered a not guilty plea to these five charges and was remanded to the custody of the Richland County authorities. Thereafter, while awaiting trial in the Richland County Jail, appellant requested that he be returned to FCI so that he could complete his federal sentence and have access to a more extensive law library. His request was granted and he was returned to FCI on March 23, 1998.
Appellant completed his federal sentence on May 13, 1998. Instead of being released, Ohio authorities took him into custody and transported him back to Ohio to await trial in the Richland County Court of Common Pleas on the five indicted offenses. Appellant filed several motions seeking dismissal of the indictment. The sum and substance of these motions was that he was denied a speedy trial; that is, he claimed his case should have been brought to trial within one hundred twenty days of his initial appearance in Ohio on January 26, 1998, when he was brought to the Mansfield Municipal Court to be arraigned. The court denied his motions, noting that he was transferred back to FCI at his own request.
On September 8, 1998, appellant pled guilty to three of the five counts set forth in the indictment: aggravated robbery, aggravated burglary, and conspiracy to commit aggravated murder. The state dismissed the remaining two counts. Consequently, the Richland County Court of Common Pleas sentenced appellant to an aggregate term of six-years imprisonment and five-years community control.
Appellant sought to appeal his conviction, but failed to timely file his notice of appeal. Accordingly, on February 24, 1999, he filed a motion for leave to file a delayed appeal in the Fifth District Court of Appeals. The appellate court denied appellant's motion and dismissed his appeal on March 25, 1999.
On April 26, 1999, appellant filed a petition for a writ of habeas corpus in the Hocking County Court of Common Pleas, claiming, interalia, that the Richland County Court of Common Pleas denied appellant his right to a speedy trial. The Hocking County Court of Common Pleas denied appellant's application solely on the following procedural grounds: (1) he failed to provide a list of lawsuits he had filed within the past five years; (2) he failed to attach his commitment papers to his petition; (3) he failed to verify his petition; (4) he failed to exercise a direct appeal of the trial court's decision; and (5) his guilty plea waived the speedy trial challenge. Because the trial court's judgment is based exclusively on these procedural defects of appellant's application, the lower court did not reach the merits of the petition in its denial of his petition.
Appellant now appeals the judgment of the Hocking County Court of Common Pleas denying his application. However, instead of properly challenging the lower court's dismissal of his petition on procedural grounds, appellant presents the following four assignments of error, which are virtually identical to the substantive issues raised in his denied petition.
 TRIAL COURT ERRED WHEN IT VIOLATED THE DEFENDANT'S SPEEDY TRIAL RIGHT, CODIFIED AS O.R.C. § 2945.71
 TRIAL COURT ERRED WHEN IT VIOLATED THE DEFENDANT'S SPEEDY TRIAL GUARANTEE PURSUANT TO INTERSTATE AGREEMENT ON DETAINERS, O.R.C. § 2963.30, ART. IV(c)
 THE STATE OF OHIO AND THE TRIAL COURT RELINQUISHED JURISDICTION OF DEFENDANT AND INDICTMENT WHEN OHIO RETURNED DEFENDANT TO FEDERAL PRISON WITHOUT TRYING HIM PURSUANT TO O.R.C. § 2963.30, ART. IV(e) OF INTERSTATE AGREEMENT ON DETAINERS.
 TRIAL COURT ERRED IN GRANTING STATE'S MOTION FOR CONTINUANCE WITHOUT AN OPEN COURT HEARING AND WITHOUT NOTIFYING DEFENDANT OF CONTINUANCE, VIOLATING O.R.C. § 2963.30, ART IV(c).
Since the lower court dismissed appellant's petition without addressing the merits, there is but one issue before this Court, and a narrow one at that: whether the trial court properly dismissed appellant's application for a writ of habeas corpus on procedural grounds.
 ANALYSIS
Appellant's petition for a writ of habeas corpus is a procedural train wreck: he seemingly ignored the procedural requirements to secure such a writ, as well as virtually ensuring its non-issuance by pleading guilty to the offenses he now challenges. Accordingly, we find the five grounds cited by the lower court as the basis for denying appellant's application to be well founded.
At the outset of this opinion, we note that each of the lower court's procedural grounds for dismissing appellant's application, standing alone, could well be dispositive of this matter. Nevertheless, we will address each procedural issue in turn. We begin our analysis with a general discussion of the purpose and statutory framework of the writ of habeas corpus.
The writ of habeas corpus is an extraordinary remedy to enforce the right of personal liberty: to obtain freedom from unlawful detention. SeeHenderson v. James (1895), 52 Ohio St. 242, 39 N.E. 805. The writ requires one to produce an alleged unlawful detainee to the court, and to give good cause for the detainment. See id. The use of habeas corpus in Ohio practice is succinctly set forth in R.C. 2725.01. "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01.
The requirements of a petition for a writ of habeas corpus are found in R.C. 2725.04. The specific applicable provisions of the code section will be examined in light of the appeal sub judice; specifically, the five stated grounds for dismissal of appellant's application by the lower court.
 I.
When appellant filed his petition for habeas corpus with the Hocking County Court of Common Pleas, he failed to attach a copy of his commitment papers. Ohio jurisprudence is unclouded in this realm: the failure to include a copy of commitment papers with a petition for a writ of habeas corpus is dispositive.
R.C. 2725.04 specifies that a "copy of the commitment or cause ofdetention of such person shall be exhibited [with the application for the writ of habeas corpus], if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." (Emphasis added.) R.C. 2725.04(D). As appellant did not properly proffer a reason for the omission of his commitment papers with his application, our inquiry is complete; it is not the place of this Court to speculate as to whether appellant had a justifiable reason for failing to attach these documents with his petition.
Further, the Supreme Court of Ohio, in Bloss v. Rogers (1992),65 Ohio St.3d 145, 602 N.E.2d 602 (per curiam), was nothing less than unequivocal when it was faced with a matter similar to the one before us.
The [lower court] reached the correct conclusion when it dismissed appellant's complaint for failure to comply with R.C. 2725.04(D). These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment, except, of course, the bare allegations of petitioner's application. (Emphasis added.) Rogers, 65 Ohio St.3d at 146, 602 N.E.2d at 602. Indeed, this Court has cited Rogers in reaching a similar conclusion. See Corrin v.Huffman (2000), Scioto App. No. 00CA2700, unreported (holding "failure to attach copies of all pertinent commitment papers renders the petition fatally defective"). We see no need to break with this clear line of authority in this case.
 II.
Appellant did not verify the petition for a writ of habeas corpus he filed in the Hocking County Court of Common Pleas. This requisite is clearly stated in the first sentence of R.C. 2725.04. "Application for the writ of habeas corpus shall be * * * signed and verified * * * by the party for whose relief it is intended * * *." (Emphasis added.) R.C.2725.04. The fact that the petition was presented as a notarized affidavit is of no consequence — it must be verified. See, e.g.,State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186,188, 677 N.E.2d 347, 349 (stating that an inmate cannot "circumvent the statutory pleading requirements for instituting a habeas corpus action, i.e., attachment of commitment papers and verification"); accord State exrel. Ranzy v. Coyle (1998), 81 Ohio St.3d 109, 689 N.E.2d 563.
 III.
As appellant brought this action against a government employee, compliance with R.C. 2969.25(A) is required.
At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. R.C. 2969.25(A). The Supreme Court of Ohio has consistently upheld the dismissal of actions for failure to comply with the requirements set forth in R.C. 2969.25. See State ex rel. Zanders v.Ohio Parole Bd. (1998), 82 Ohio St.3d 421, 696 N.E.2d 594; accord Stateex rel. Alford v. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242; but, cf., Church v. Ohio Dept. of Rehabilitation and Correction (June 15, 1999), Franklin App. No. 98AP-1222, unreported (stating that the statute does not require such a filing if the inmate has not filed any lawsuits during the five-year period). Appellant conceded in his reply brief that he brought a civil action against Richland County authorities in 1998. Accordingly, appellant's petition clearly failed to comply with this procedural mandate as well.
 IV.
On September 8, 1998, appellant pled guilty to three of the five counts set forth in the indictment. Because a guilty plea waives a defendant's right to trial, it also necessarily waives any claim that the defendant was denied a speedy trial. See State v. Kelley (1991), 57 Ohio St.3d 127,566 N.E.2d 658; accord Montpelier v. Greeno (1986), 25 Ohio St.3d 170,495 N.E.2d 581; Clark v. Maxwell (1964), 177 Ohio St. 49, 201 N.E.2d 882. Moreover, habeas corpus is not available to review non-jurisdictional irregularities. See State ex rel. Dotson v. Rogers (1993),66 Ohio St.3d 25, 607 N.E.2d 453. Therefore, a claimed denial of a constitutional or statutory right to a speedy trial cannot properly be sought by way of habeas corpus after the accused has pled guilty to, or been convicted of, the charged crime. See Mack v. Maxwell (1963),174 Ohio St. 275, 189 N.E.2d 156. Rather, such a challenge should be brought by way of a direct appeal. See Mack v. Maxwell (1963),174 Ohio St. 275, 189 N.E.2d 156.
 V.
Habeas corpus is an extraordinary remedy, meaning that it is only available if the petitioner has no other adequate remedy at law. SeeBarneby v. Zschach (1995), 71 Ohio St.3d 588, 646 N.E.2d 162. Most errors that occur in criminal proceedings can be challenged on direct appeal. Therefore, where direct appeal is or was available, habeas corpus should not lie. See Davie v. Edwards (1997), 80 Ohio St.3d 170, 685 N.E.2d 228. Particularly instructive in this context is the 1965 Supreme Court of Ohio case, Walker v. Maxwell (1965), 1 Ohio St.2d 136, 205 N.E.2d 394. The Maxwell Court listed a variety of errors for which habeas corpus is improper because they are reviewable on direct appeal.
A partial but not all-inclusive list of matters not cognizable in habeas corpus but which must be raised by appeal includes the claim of double jeopardy * * *, irregularities in the trial * * *, questions in relation to evidence * * *, guilt or innocence * * *, perjury of witnesses and separation of the jury * * *, errors in sentence * * *, competence of counsel * * *, failure to furnish a bill of particulars * * *, the validity of the indictment * * *, denial of a transcript * * *, the validity of prior convictions in an habitual-criminal proceeding * * *, and failure of counsel to appeal * * *. Maxwell, 1 Ohio St.2d at 138,205 N.E.2d at 396 (citations omitted). Because each of appellant's claims could have been addressed on direct appeal, his claims are simply not cognizable in habeas corpus. See, e.g., Ellis v. State (1953),158 Ohio St. 489, 110 N.E.2d 129 (stating that the petitioner had an adequate remedy by appeal to review evidentiary errors); accord State exrel. Beaucamp v. Lazaroff (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273,1274 (stating "[f]ollowing conviction and sentence, the defendant's remedy to challenge the validity or sufficiency of the indictment is by direct appeal rather than habeas corpus"). Accordingly, appellant's application for the extraordinary writ of habeas corpus was appropriately dismissed by the lower court.
 CONCLUSION
Because the lower court dismissed the petition solely on procedural grounds, we are unable to reach appellant's assignments of error, which are virtually identical to the substantive issues raised in his denied petition. Consequently, the sole issue before this Court is whether the lower court properly dismissed appellant's petition for a writ of habeas corpus on procedural grounds.
We agree with the trial court's assessment that appellant's petition is fatally defective. Indeed, each of the procedural failings addressed by the lower court are independently dispositive of appellant's petition; when considered collectively, these defects clearly support the trial court's decision to dismiss appellant's petition. Accordingly, we find that the lower court was correct in dismissing appellant's petition on procedural grounds.
Therefore, we OVERRULE appellant's assignments of error and AFFIRM the decision of the Hocking County Court of Common Pleas.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed, and that the appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.
 _____________________________ David T. Evans, Judge