OPINION
{¶ 1} This matter presents a pro-se Petition for Writ of Habeas Corpus filed by Petitioner on September 11, 2002. The gravamen of the petition is that the sentencing court lacked jurisdiction to impose a term of imprisonment upon revocation of previously imposed community control sanctions. Petitioner asserts that the sentencing entry of July 25, 2001 placing Petitioner on community control fails to indicate a specific term of imprisonment which may be imposed for a violation, therefore no prison term may be imposed when a revocation occurs.
 {¶ 2} R.C. 2929.19(B)(5) states in relevant part "the sentencing court * * * shall indicate the specific prison term that may be imposed as a sanction for the violation" (of the community control sanctions). Petitioner relies on State v. Grodhaus (2001), 144 Ohio App.3d 615. That court held "We regretfully conclude that the trial court did not indicate during sentencing the specific prison term it would impose for a violation of community control sanctions, and that, therefore, R.C.2929.15(B) precluded the court from imposing a prison sentence."
 {¶ 3} On November 25, 2002 Respondent filed a motion for summary judgment. Attached thereto are copies of the plea agreement entered into between Petitioner and the state in Champaign County Criminal Case Nos. 2001CR19 and 2001CR86, a transcript of the plea hearing and copies of the parties' briefs filed in the Second District Court of Appeals Case No. 2002CA11, demonstrating that the error raised in the direct appeal is the imposition of a term of imprisonment after revocation.
 {¶ 4} On November 27, 2002, Petitioner filed his own well-written motion for summary judgment and argues there are no genuine issues of material fact, the plea agreement failed to inform the Petitioner that he could be sentenced to consecutive as opposed to concurrent sentences, and second that the trial court failed in its statutory obligation, at the time of sentencing, to provide notice of a specific prison term which could be imposed for a violation of community control. The respective motions for summary judgment now come on for decision.
 {¶ 5} Respondent contends that Petitioner was advised prior to the sentencing hearing of the possible sentence he could receive for violating community control. The plea agreement clearly delineates the range of minimum and maximum sentence for each respective offense to which he was pleading guilty. The plea agreement contains operative language which states in part "* * * the Court may * * * imprison me for up to the maximum stated term allowed for the offense as set out above." The handwritten additional language on the plea agreement acknowledging that "the Court has the power to impose concurrent sentences" is not controlling on the court. It is nothing more than a notation of an available option for the court; an addendum to the state's acknowledgement that factors existed to support community control. Additionally, the plea hearing transcript at page 16 discusses the court's options should a violation of community control occur. Included therein is a statement that "you can be sent to prison at that time."
 {¶ 6} Respondent candidly notes that there is disagreement among the appellate districts as to when notice of a specific prison term must be provided. Grodhaus, supra, included a dissent seeking certification of a conflict on whether substantial compliance with R.C. 2929.19(B)(5) was sufficient to provide notice of the sanction. The opposing view is expressed by State v. Mynhier (2001), 146 Ohio App.3d 217 at 244: "We held that the trial court complied with R.C. 2929.19(B)(5) when it notified Mynhier, at his plea hearing rather than at the sentencing hearing, that a specific prison term could be imposed if he violated his community control sanction. The goal of R.C. 2929.19(B)(5) is to clearly put an offender on notice that a possible prison term may be imposed if the offender violates a community-control sanction."
 {¶ 7} In addition to arguing that Petitioner was advised of the consequences of a violation, albeit the notice of specific term of sentence was not included at the time of sentencing, Respondent maintains that established case law holds that sentencing errors are not cognizable in habeas corpus. The remedy to correct such possible error is through direct appeal. Petitioner is pursuing an available legal remedy, respective briefs have been filed and the identical issue presented in this action will be resolved when the Second District Court of Appeals renders its judgment.
 {¶ 8} In essence, Petitioner is challenging the sentence that was imposed. It is established law that "sentencing errors are not jurisdictional and are not cognizable in habeas corpus." Majoros v.Collins (1992), 64 Ohio St.3d 442 at 443, citing State ex rel. Wynn v.Baker (1991), 61 Ohio St.3d 464, 575 N.E.2d 208; Blackburn v. Jago
(1988), 39 Ohio St.3d 139, 529 N.E.2d 929; Walker v. Maxwell (1965),1 Ohio St.2d 136, 30 O.O.2d 487, 205 N.E.2d 394.
 {¶ 9} An examination of the assignments of error filed in the direct appeal, as evidenced by Respondent's Exhibit 3, discloses that the specific error claimed is identical to the issue presented in this habeas petition. A habeas action may not be used a substitute for appeal. Adamsv. Humphreys (1986), 27 Ohio St.3d 43.
 {¶ 10} Petitioner concedes that the challenge to his term of imprisonment may be reviewed by appeal, but he further contends such remedy is not complete, beneficial, and speedy. He argues he is challenging the court's jurisdiction. Therefore, a habeas action is appropriate to provide prompt relief. Petitioner is mistaken. Complete relief may be granted should the court of appeals determine it was error in sentencing Petitioner to a term of imprisonment when the community control sanctions were revoked. Also, Petitioner may avail himself of an effort to stay imposition of the jail sentence while such appeal is pending through a proper legal motion filed with the trial court, and thereafter the court of appeals. The availability of a legal remedy provided by the rules of appellate procedure forecloses Petitioner from obtaining relief through the extraordinary remedy of a habeas corpus petition.
 {¶ 11} We find that Respondent is entitled to summary judgment, as habeas is not available to challenge a sentencing error.
 {¶ 12} Petitioner's motion for summary judgment denied. Respondent's motion for summary judgment granted. Petition for writ of habeas corpus dismissed. Costs taxed against Petitioner.
 {¶ 13} Final order. Clerk to serve notice on counsel or unrepresented party pursuant to the civil rules.
Donofrio, J., Vukovich, J. and DeGenaro, J., concurs.