JOURNAL ENTRY AND OPINION
{¶ 1} On March 10, 2003, the petitioner, Philip Epstein, commenced this habeas corpus action against the respondent, Sheriff Gerald McFaul, to compel his release from jail upon a journalized finding of contempt in the underlying case, Amy Sue Epstein v. Philip Epstein, Cuyahoga County Common Pleas Court, Domestic Relations Division, Case No. D-263882. On March 11, Mr. Epstein filed a supplemental brief. For the following reasons, this court dismisses the application for a writ of habeas corpus, sua sponte.
 {¶ 2} Mr. Epstein is the defendant in the underlying case. He alleges that during his testimony in that case, both the trial judge and counsel for the plaintiff indicated that he (Mr. Epstein) might face criminal charges for perjury and illegal transactions concerning the personal and real property at issue. Accordingly, upon the advice of counsel he invoked his Fifth Amendment right against self-incrimination and refused to answer further questions relating to the property. The trial judge then instructed Mr. Epstein to answer the questions, and Mr. Epstein continued to refuse to answer invoking the Fifth Amendment. The trial judge then held Mr. Epstein in contempt and sentenced him to thirty days in the Cuyahoga County Jail; Mr. Epstein would be released upon answering the questions as ordered by the court. The court journalized this judgment in an entry filed March 10, 2003. Mr. Epstein promptly filed this habeas corpus action.
 {¶ 3} However, it is well established that "habeas corpus, like the other extraordinary writ actions, is not available when there is an adequate remedy at law." In re Coleman, 95 Ohio St.3d 284,2002-Ohio-1804, 767 N.E.2d 677, citing Gaskins v. Shiplevy,76 Ohio St.3d 380, 383, 1996-Ohio-387, 667 N.E.2d 1194. See, also, In reSmith (1977), 50 Ohio St.2d 192, 364 N.E.2d 17; Walker v. Maxwell
(1965), 1 Ohio St.2d 136, 205 N.E.2d 394; and State ex rel. Fryerson v.Tate, 84 Ohio St.3d 481, 1999-Ohio-465, 705 N.E.2d 353. In the present case Mr. Epstein has an adequate remedy at law through appeal and a motion for stay pursuant to Appellate Rules 7 and 8.
 {¶ 4} Interestingly, the Ohio authorities upon which Mr. Epstein relies — Shrader v. Equitable Life Assurance Society of the UnitedStates (1983), 10 Ohio App.3d 277, 471 N.E.2d 1339, and Wolfrom v.Wolfrom (May 13, 1997), Franklin App. No. 96 PE10-1308 — are substantially on point[1], except for the procedural posture. Both cases present their issues on direct appeal, rather than habeas corpus. Similarly, In re Billman (1993), 92 Ohio App.3d 279, 634 N.E.2d 1050, was a direct appeal, not a habeas corpus action; apparently, appeal was allowed when the trial court ordered Karen Hayes to testify in a dependency action, despite her assertion of her Fifth Amendment privilege. Therefore, petitioner's own authority supports the proposition that he has an adequate remedy at law through appeal, which precludes a writ of habeas corpus.
 {¶ 5} Nor does this court find McCarthy v. Arndstein (1923),262 U.S. 355, 43 S.Ct. 562, 67 L.Ed. 1023, persuasive authority that habeas corpus is available as a remedy. The fact that in 1923 a federal court granted a federal habeas corpus in a bankruptcy proceeding does not override the long-established Ohio principle of law that habeas corpus is not available when there is an adequate remedy at law through appeal.
 {¶ 6} Accordingly, this court dismisses the application for a writ of habeas corpus. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
COLLEEN CONWAY COONEY, J. AND DIANE KARPINSKI, J., CONCUR.
[1] Both cases consider the propriety of holding a witness in contempt for refusing to answer questions despite invoking the Fifth Amendment right against self-incrimination. Similarly, State v. Sinito (1975),43 Ohio St.2d 98, 330 N.E.2d 896, presented the issue of contempt for invoking the Fifth Amendment to this court on appeal before the Supreme Court of Ohio addressed the issue; the fact that this court reversed the finding of contempt indicates appellate review rather than an original habeas corpus action.