[Cite as *Robinson vs. Miller*, 2015-Ohio-68.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

GREGORY ROBINSON,                    )
                                     )    CASE NO. 13 BE 42
        PETITIONER,                  )
                                     )
        - VS -                       )        OPINION
                                     )          AND
MICHELE MILLER, WARDEN,              )    JUDGMENT ENTRY
                                     )
        RESPONDENT.                  )


CHARACTER OF PROCEEDINGS:            Petition for Writ of Habeas Corpus


JUDGMENT:                           Petition Denied.  Respondent's
                                    Motion to Dismiss Granted.


APPEARANCES:
For Petitioner:                     Gregory Robinson, Pro-se
                                    #A-471-653
                                    Belmont Correctional Institution
                                    P.O. Box 540
                                    St. Clairsville, OH 43950


For Respondent:                     Attorney Michael DeWine
                                    Ohio Attorney General
                                    Attorney M. Scott Criss
                                    Senior Asst. Attorney General
                                    Criminal Justice Section
                                    150 East Gay Street, 16th Floor
                                    Columbus, OH  43215


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                    Dated:  January 7, 2015

DeGenaro, P.J.

{¶1}    Pro-se Petitioner Gregory Robinson filed a Petition for Writ of Habeas Corpus, to which Respondent Michele Miller, Warden, Belmont Correctional Institution, filed a motion to dismiss.  For the reasons herein expressed, Robinson's Petition for Writ of Habeas Corpus is denied, and Respondent's Motion to Dismiss is granted.

{¶2}    Gregory Robinson was found guilty by a jury of one count of rape with force of a victim less than thirteen years old; one count of gross sexual imposition; and, two counts of compelling prostitution with sexual motivation specifications.  The trial court found Robinson guilty of the notice of prior conviction specification, and not guilty of the repeat violent offender specification, attendant to the rape charge; and guilty of the sexually violent predator and notice of prior conviction specifications, and not guilty of the repeat violent offender specifications, attendant to the two compelling prostitution charges.  He was sentenced to a ten-year prison term: eight years on the rape count and two years each on the remaining counts to be served concurrently to each other and consecutively to the rape count.  Robinson was classified a sexual predator.

{¶3}    Robinson appealed these convictions claiming prosecutorial misconduct, ineffective assistance of counsel, and that the trial court erred in finding him to be a sexually violent predator.  *See State v. Robinson*, 8th Dist. No. 85207, 2005-Ohio-5132, ¶14. The Eighth District found no merit to the claims of prosecutorial misconduct or ineffective assistance of counsel but reversed and remanded for the trial court to amend its journal entries to find Robinson not guilty of the sexually violent predator and sexual motivation specifications.

{¶4}    Further, the Eighth District relied upon App.R. 12 and R.C. 2953.08(G) as authority for taking sua sponte notice of a sentencing error.  The rule provides that the court of appeals shall "[r]eview and affirm, modify, or reverse the judgment or final order appealed."  App.R. 12(A)(1).  An appellate court is statutorily vested with discretionary authority when reviewing felony sentences so that it

"may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to

the sentencing court for resentencing. * * * The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * the sentence is otherwise contrary to law."

R.C. 2953.08(G)(2)(b).

{¶5} Relying on this authority, as Robinson had been found guilty of rape with force of a victim under the age of thirteen, the panel held he should have been sentenced to a life term and the issue of the possibility of parole should have been addressed. Finding the sentence was contrary to law, pursuant to R.C. 2953.08(G), the sentence was vacated and the matter remanded for resentencing. *Robinson,* ¶27. Moreover, the opinion notes that at "sentencing, however, appellant's counsel informed the court that he believed appellant was not subject to a life sentence because there was no sexually violent offender specification attendant to the rape charge." *Id.*, ¶19.

{¶6} On remand, Robinson was resentenced on May 25, 2006 to life in prison without the eligibility of parole for 15 years, and two years as to each of the remaining counts to be served concurrently. Further, Robinson was found not guilty of the sexually violent predator and sexual motivation specifications. Robinson did not file a timely appeal of this entry.

{¶7} Turning to the petition presently before this court, "a writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law" such as a direct appeal or post-conviction relief. *In re Pianowski*, 7th Dist. No. 03 MA 16, 2003-Ohio-3881, ¶3, citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 635 N.E.2d 26 (1994). "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal." *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶10. "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶6.

**{¶8}** In his petition, Robinson alleges that his original sentence of ten years has now expired, and he is being illegally restrained. He contends that the life sentence is pursuant to an 'illegal remand.' Further, he alleges that his appellate counsel was ineffective for not filing a timely appeal from the May 25, 2006 judgment entry which resentenced him to life in prison. It's well established law that claims involving the ineffective assistance of counsel are not recognized in habeas corpus. *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶7.

**{¶9}** Additionally, habeas corpus is not a proper remedy for reviewing errors of sentencing by a court of competent jurisdiction. *Walker v. Maxwell*, 1 Ohio St.2d 136, 138, 205 N.E.2d 394 (1965). The Ohio Supreme Court has consistently held that sentencing errors are not jurisdictional and are not cognizable in habeas corpus. *Majoros v. Collins*, 64 Ohio St.3d 442, 596 N.E.2d 1038 (1992). "Appeal or postconviction relief would be the proper remedy." *Blackburn v. Jago,* 39 Ohio St.3d 139, 529 N.E.2d 929 (1988).

**{¶10}** While this court is not unsympathetic to Robinson's claim of ineffective assistance of appellate counsel, this is not the proper procedural vehicle to address that claim. There are more appropriate methods provided for in the Rules of Appellate Procedure for Robinson to avail himself of to seek review this alleged error. For example, as noted by the Ohio Supreme Court in *Blackburn,* it appears that Robinson could avail himself of an adequate remedy of law by filing either a delayed reopening in the Eighth District or a post-conviction petition in the Cuyahoga Common Pleas Court to properly raise these issues.

**{¶11}** The Cuyahoga County Common Pleas Court had jurisdiction pursuant to the Eighth District's remand to impose a sentence for Robinson's rape conviction of a victim under 13 that was not contrary to law. Moreover, Robinson had an adequate remedy at law, specifically, by filing an appeal from the May 25, 2006 resentencing entry. Moreover, as noted by the Ohio Supreme Court in *Blackburn,* it appears that Robinson could file either a delayed reopening in the Eighth District or a post-conviction petition in the Cuyahoga Common Pleas Court to properly raise these issues. Accordingly, Robinson's

petition for a writ of habeas corpus is denied and Respondent's motion to dismiss is granted. Final order. Clerk to serve notice as provided by the Civil Rules.

DeGenaro, P.J., concurs.
Donofrio, J., concurs.
Waite, J., concurs.