DAVIE, APPELLANT, *v.* EDWARDS, WARDEN, APPELLEE.

[Cite as *Davie v. Edwards* (1997), 80 Ohio St.3d 170.]

(No. 97–681—Submitted September 9, 1997—Decided October 29, 1997.)

*Michael D. Davie, pro se.*

*Betty D. Montgomery,* Attorney General, and *Lillian B. Earl,* Assistant Attorney General, for appellee.

*Per Curiam.* Davie asserts that the court of appeals erred in dismissing his habeas corpus petition. Davie's main claims, however, merely challenge the admissibility of evidence obtained from the Cuyahoga County search in his

Summit County trial and the validity or sufficiency of his indictment. These claims are not cognizable in habeas corpus, and Davie had an adequate remedy by direct appeal to raise them. *Ellis v. State* (1953), 158 Ohio St. 489, 49 O.O. 418, 110 N.E.2d 129 (Petitioner had adequate remedy by appeal to review errors in admission and rejection of evidence.); *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274 ("[F]ollowing conviction and sentence, the defendant's remedy to challenge the validity or sufficiency of the indictment is by direct appeal rather than habeas corpus.").

Davie's remaining claim, that Cuyahoga County obtained jurisdictional priority over him on a concealed weapon charge, is likewise meritless. Cf., *e.g., State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807, 809 ("In general, it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases * * *."). The Cuyahoga County and Summit County charges, as alleged in Davie's petition, were not the same.

Based on the foregoing, the court of appeals properly dismissed the petition. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.