[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 170.]

**DAVIE, APPELLANT, *v*. EDWARDS, WARDEN, APPELLEE.**

**[Cite as *Davie v. Edwards*, 1997-Ohio-127.]**

*Habeas corpus compelling release from Ross Correctional Institution—Petition*
  *dismissed, when.*

(No. 97-681—Submitted September 9, 1997—Decided October 29, 1997.)

APPEAL from the Court of Appeals for Ross County, No. 96CA2207.

—————————

{¶ 1} According to appellant, Michael D. Davie, in November 1992, after he was stopped by police officers in Cleveland for a traffic violation, officers found a firearm and other items in his possession, including a checkbook containing an Akron, Ohio address. In April 1993, the Summit County Court of Common Pleas convicted Davie of attempted murder, felonious assault, aggravated robbery, and aggravated burglary, and sentenced him accordingly.

{¶ 2} In April 1996, Davie filed a petition in the Court of Appeals for Ross County for a writ of habeas corpus to compel his release from prison. Davie claimed that his sentencing court lacked jurisdiction because the Cuyahoga County Court of Common Pleas first obtained jurisdiction over him on a concealed weapon charge and that the Summit County court improperly admitted evidence from the Cleveland search. After appellee, Ross Correctional Institution Warden Ronald Edwards, filed a Civ.R. 12(B)(6) motion to dismiss, Davie moved for leave to amend his petition to include a claim that "he had been convicted on an indictment not properly found by a Grand Jury * * *." After considering both Davie's petition and motion for leave to amend, the court of appeals granted Edwards's motion and dismissed the petition.

{¶ 3} This cause is now before the court upon an appeal as of right.

—————————

*Michael D. Davie*, pro se.

*Betty D. Montgomery*, Attorney General, and *Lillian B. Earl*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

{¶ 4} Davie asserts that the court of appeals erred in dismissing his habeas corpus petition. Davie's main claims, however, merely challenge the admissibility of evidence obtained from the Cuyahoga County search in his Summit County trial and the validity or sufficiency of his indictment. These claims are not cognizable in habeas corpus, and Davie had an adequate remedy by direct appeal to raise them. *Ellis v. State* (1953), 158 Ohio St. 489, 49 O.O. 418, 110 N.E.2d 129 (Petitioner had adequate remedy by appeal to review errors in admission and rejection of evidence.); *State ex rel. Beaucamp v. Lazaroff* (1997), 77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274 ("[F]ollowing conviction and sentence, the defendant's remedy to challenge the validity or sufficiency of the indictment is by direct appeal rather than habeas corpus.").

{¶ 5} Davie's remaining claim, that Cuyahoga County obtained jurisdictional priority over him on a concealed weapon charge, is likewise meritless. Cf., *e.g., State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807, 809 ("In general, it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases * * *."). The Cuyahoga County and Summit County charges, as alleged in Davie's petition, were not the same.

{¶ 6} Based on the foregoing, the court of appeals properly dismissed the petition.

{¶ 7} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————