JOURNAL ENTRY AND OPINION
On July 14, 2000, the relator, Timothy Shimko, commenced this writ action for prohibition or mandamus against the respondent, Judge Richard McMonagle, for the following relief: (1) a declaration that the orders the judge issued in the underlying matter, Thomas Lobe v. Timothy Shimko, Cuyahoga County Common Pleas Court Special Case No. 74897, a confirmation of an arbitration award, are null and void for lack of jurisdiction; (2) prohibit the judge from enforcing the orders or otherwise exercising jurisdiction in the underlying matter; (3) order the judge to transfer the underlying matter to the Franklin County Common Pleas Court; (4) or in the alternative order the judge to vacate all orders in the underlying matter and to grant Mr. Shimko's motion to dismiss the underlying matter. Mr. Shimko submits that the respondent has no jurisdiction over the underlying matter because pursuant to the principles of concurrent jurisdiction the Franklin County Common Pleas Court exercised jurisdiction over the matter first and because the notice provision of R.C. 2711.09 was not timely fulfilled. On August 15, 2000, the respondent judge, through the Cuyahoga County Prosecutor, moved to dismiss. Mr. Shimko never filed a response. For the following reasons, this court grants the motion to dismiss.
 FACTUAL AND PROCEDURAL BACKGROUND
In the early 1990s Mr. Lobe was an "of counsel" with Mr. Shimko's law firm, but Mr. Lobe also retained a private practice. Mr. Shimko was then lead plaintiffs' counsel in a California lawsuit for wrongful termination of distributors against WD-40. At the trial's start in December 1991, Mr. Lobe agreed to aid Mr. Shimko by traveling to California and preparing witnesses. In consideration Mr. Shimko agreed to provide for Mr. Lobe's lodging and travel expenses, cover Mr. Lobe's practice, if necessary, and, if the lawsuit was successful to pay him $50,000. Mr. Shimko asserts that Mr. Lobe's only involvement in this litigation was preparing witnesses during the first eleven days of a five week trial, which ended in a plaintiffs' verdict of $10,500,000.00.
After the trial several other WD-40 distributors retained Mr. Shimko to pursue their claims of wrongful termination. He settled these claims for $2,500,000.00. Mr. Shimko asserts that after the settlements he paid Mr. Lobe the first half of his $50,000 fee, even though the main litigation was still on appeal.
In early 1994, Mr. Lobe ended his "of counsel" status with Mr. Shimko's law firm. When the appeals ended in the main WD-40 litigation, Mr. Shimko tendered Mr. Lobe the remaining $25,000. However, Mr. Lobe did not cash the check and claimed Mr. Shimko owed him more money. On September 19, 1995, Mr. Lobe made a demand upon the Cleveland Bar Association to resolve this fee dispute through arbitration pursuant to Ohio Code of Professional Responsibility Disciplinary Rule 2-107 (B). Although Mr. Shimko disputed setting the matter for arbitration, the bar association in December 1995, decided to hear the matter.
In response Mr. Shimko in February 1996, commenced a declaratory judgment action in the Franklin County Common Pleas Court to declare DR 2-107 (B) unconstitutional as violating the right to a jury trial. The trial court granted summary judgment against Mr. Shimko. However, the court of appeals reversed and remanded for an evidentiary hearing on the reasonableness of DR 2-107 (B). Subsequently, Mr. Shimko dismissed this action without prejudice.
In early 1999, Mr. Lobe renewed his demand upon the bar association to arbitrate his fee claim, and on March 18, 1999, the bar association agreed to hold the arbitration. In response Mr. Shimko commenced Timothy Shimko v. Thomas Lobe, et al., Franklin County Common Pleas Court Case No. 99 CVH-0402793. In this action Mr. Shimko seeks a declaratory judgment against Mr. Lobe, the Cleveland Bar Association and the Ohio State Bar Association that DR 2-107 (B) violates the Ohio and United States Constitutions, inter alia, by denying the right to a jury trial, the right to due process, and the right to equal protection. He also seeks a declaration that DR 2-107 (B) does not apply to "of counsel" arrangements. The complaint's prayer requests injunctive relief against the arbitration. Mr. Shimko also seeks money damages against Mr. Lobe and four other individuals for civil conspiracy for filing frivolous lawsuits against him.
During a pre-trial conference in the Franklin County lawsuit in August 1999, the court and the parties agreed that the arbitration could go forward. However, the judge indicated he could hold any award in abeyance until the declaratory judgment case ended.[1] Thus, in December 1999, the bar association held the arbitration and awarded Mr. Lobe $50,000.00.
On March 10, 2000, Mr. Lobe commenced the underlying matter to confirm the award, which the respondent did that day. After Mr. Shimko received notice several days later, he moved to vacate the confirmation. On April 6, 2000, the respondent vacated the March 10, 2000 order and scheduled further hearings. The next and last order the respondent issued in the matter on June 28, 2000, provided: "Court orders stay of execution of judgment. Supersedeas bond set at 60,000. No just cause for delay."
 DISCUSSION OF LAW
Mr. Shimko seeks relief in prohibition, mandamus and declaratory judgment. The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941),138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Court off Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court off Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School District Board of Education v. Portage County Court off Common Pleas (1997), 78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v. Trumbull County Court (1992), 64 Ohio St.3d 502, 597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v. Hoddinott (1973), 36 Ohio St.2d 127,304 N.E.2d 382.
The principles for mandamus are similarly well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. It does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
Mr. Shimko's main argument is that the respondent does not have jurisdiction to confirm the arbitration award because the Franklin County Common Pleas Court first obtained exclusive jurisdiction over the entire matter pursuant to the principles of concurrent jurisdiction.[2] His alternative argument is that the respondent acted without jurisdiction because the notice required by R.C. 2711.09 was not given.
The principles of concurrent jurisdiction provide that as between state courts of concurrent jurisdiction, the court whose power is first invoked by the commencement of proper proceedings acquires jurisdiction to the exclusion of all other tribunals, to adjudicate the whole issue and to settle the rights of the parties. State ex rel. Sellers v. Green (1995),72 Ohio St.3d 115, 647 N.E.2d 807 and State ex rel. Red Head Brass, Inc. v. Holmes County Court of Common Pleas (1997), 80 Ohio St.3d 149,684 N.E.2d 1234. "It is a condition of the operation of the rule that the claims or causes of action be the same in both cases. If the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter." State ex rel. Judson v. Spahr (1987), 33 Ohio St.3d 111, 113, 515 N.E.2d 911 and Davie v. Edwards (1997), 80 Ohio St.3d 170, 685 N.E.2d 228.
In the matter sub judice the underlying matter is a statutory proceeding for confirming an arbitration award between Mr. Lobe and and Mr. Shimko. The Franklin County case concerns multiple parties, most of whom are not parties in the underlying matter, and Mr. Shimko seeks declaratory relief, injunctive relief, compensatory damages and punitive damages for civil conspiracy. The claims and the parties are not identical, even if they are closely related.
Although courts have occasionally disregarded the condition that the parties and claims must be the same for the priority rule to apply, the extreme differences in the two cases lead this court to conclude that it is not certain that the respondent is patently and unambiguously without jurisdiction to confirm the award. Accordingly, the writ of prohibition will not lie to prohibit the respondent from exercising jurisdiction over the underlying matter. Similarly, because the principles of concurrent jurisdiction do not divest the respondent of jurisdiction, mandamus will not lie to compel him to transfer the underlying matter to the Franklin County Common Pleas Court or to vacate all his orders.
R.C. 2711.09 provides:
 At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in section 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.
Mr. Shimko's second argument is that the failure to provide him with the five-day written notice as required by R.C. 2711.09 deprived the respondent of jurisdiction to proceed with the underlying matter. However, Mr. Shimko did not support this argument with any authority that explicitly stated that the failure to provide the statutory notice deprived the common pleas court of jurisdiction over the matter. Other authorities have held that the failure to provide notice is an error remedied through appeal or a motion to vacate pursuant to Civ. R. 60 (B), rather than a jurisdictional impediment. In Coover Construction Company, Inc. v. Johnson (Aug. 4, 1983), Franklin App. Nos. 83AP-235 and 83AP-289, unreported, the trial court prematurely held the confirmation hearing. The court of appeals found error, reversed and remanded so that the trial court could conduct a hearing pursuant to R.C. 2711.09 and 2711.10. Fishman v. Streeter (June 25, 1992), Cuyahoga App. Nos. 60341 and 62193, unreported, presents a very similar procedural posture to the matter sub judice. A party to an arbitration moved to confirm, but service was not made. After the trial court confirmed the award, the other party moved to vacate. The trial court granted the motion to vacate and later reconfirmed the award. On appeal this court found no lack of jurisdiction and affirmed. See also, Perrot v. Swad Chevrolet, Inc. Franklin App. No. 90AP-736, unreported, in which the appellate court ruled that the failure to provide notice was error and reversed and remanded for a full hearing. Cf. Russo v. Chittick (1988),48 Ohio App.3d 101, 548 N.E.2d 314, and Cleveland Police Patrolman's Association (July 28, 1994), Cuyahoga App. No. 65874, unreported — Other procedural requirements of R.C. 2711.09 are not jurisdictional in nature. Again, Mr Shimko has not established that the respondent was patently and unambiguously without jurisdiction.
To the extent that Mr. Shimko seeks relief in declaratory judgment, his complaint is meritless. This court does not have jurisdiction to hear declaratory judgment actions. State ex rel. Coyne v. Todia (1989),45 Ohio St.3d 232, 543 N.E.2d 1271 and State ex rel. Neer v. Industrial Commission of Ohio (1978), 53 Ohio St.2d 22, 371 N.E.2d 842.
Accordingly, Mr. Shimko's application for a writ is dismissed. Relator to pay costs.
The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58 (B).
Ann Dyke. Adm.J, and Michael. J. Corrigan, J. Concur.
 _______________________________ LEO M. SPELLACY, JUDGE
[1] However, Mr. Shimko did not attach a judgment entry ordering the arbitration award held in abeyance. Mr. Shimko did attach transcript pages from a hearing in which he, the court and Mr. Lobe's attorney assent to conducting the arbitration and holding the result in abeyance.
[2] Mr. Shimko refers to these principles as the Rule of Jurisdictional Priority.