DECISION AND JUDGMENT ENTRY
Donald J. Saffell appeals from a judgment of the Scioto County Court of Common Pleas dismissing his petition for a writ of habeas corpus. Appellant refers to the following three propositions of law in his brief, which we interpret as his assignments of error:
PROPOSITION OF LAW NO: 1:
 COMMON PLEA (sic) COURT ABUSES ITS DISCRETION BY NOT HOLDING A PARTIAL HEARING AND DISMISSING PETITIONERS' (sic) STATE HABEAS, FOR PETITIONERS FAILURE TO COMPLY WITH R.C. § 2969.25 AND OTHER COURT AVENUES, WHEN PETITIONER CLEARLY ASSERTS THAT STATE INTERFERED WITH PETITIONERS'(sic) RIGHT OF ACCESS TO THE COURTS.
 PROPOSITION OF LAW NO: 2:
 COMMON PLEA (sic) COURT ABUSES ITS DISCRETION WHEN DISMISSING APPELLANTS (sic) STATE HABEAS PURSUANT TO OHIO REVISED CODE, WHEN APPELLANTS (sic) STATE HABEAS COMPLIES WITH OHIO REVISED CODE, R.C. § 2725.04.
 PROPOSITION OF LAW NO. 3:
 A COMMON PLEA (sic) COURT DOES NOT ACQUIRE JURISDICTION PREDICATED UPON AN INDICTMENT RETURNED IN VIOLATION (sic) OF A DEFENDANTS (sic) FOURTEENTH AN (sic) FIFTH AMENDMENTS OF THE U.S. CONSTITUTION.
We find that the trial court properly dismissed appellant's petition for a writ of habeas corpus and thereby overrule these assigned errors.
Appellant Donald J. Saffell is currently being held in the Southern Ohio Correctional Facility on convictions for rape, aggravated burglary and aggravated robbery. He was sentenced to a minimum of ten years on each count, with the sentences to run consecutively. In his brief, appellant asserts that his conviction was the result of a faulty indictment, based on an alleged illegally obtained confession. Claiming he was being unlawfully detained, appellant filed his petition for a writ of habeas corpus that the trial court dismissed in February of 2001. This appeal followed.
Since we can decide this appeal based on appellant's third assignment of error alone, we proceed accordingly. Consequently, the first two assignments of error become moot and will not be addressed. See App.R. 12(A)(1)(c).
R.C. 2725.01 establishes who is entitled to a writ of habeas corpus. Only a person who is "unlawfully restrained of his liberty" may petition for that writ. Id. However, it is the law of this state that habeas corpus is an extraordinary remedy that will only be granted in cases where the petitioner has no other adequate remedy at law. Barnebey v.Zschach (1995), 71 Ohio St.3d 588, 646 N.E.2d 162; State ex rel. Tuckerv. Rogers (1993), 66 Ohio St.3d 36, 607 N.E.2d 461, 462. Where direct appeal or other post-conviction relief is available, habeas corpus will be denied. State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 593,635 N.E.2d 26, 29.
Generally, errors that occur in criminal proceedings can be challenged on direct appeal, thus negating any demand for habeas corpus. Whiteside,Ohio Appellate Practice (2001 Ed.) 204, Section 10.34. Here, the appellant supported his petition by arguing his original indictment was based on an illegally obtained confession. The proper method for challenging the validity or sufficiency of an indictment is by direct appeal, not habeas corpus. State ex rel. Beaucamp v. Lazaroff (1997),77 Ohio St.3d 237, 238, 673 N.E.2d 1273, 1274; Davie v. Edwards (1997),80 Ohio St.3d 170, 171, 685 N.E.2d 228, 229; Luna v. Russell (1994),70 Ohio St.3d 561, 562, 639 N.E.2d 1168, 1169 ("Habeas corpus is not available to challenge either the validity, * * * or the sufficiency of an indictment."). Likewise, the proper method of attacking an illegally obtained confession is through a motion to suppress and a direct appeal if the motion is unsuccessful. Accordingly, appellant's proper course of action was a direct appeal, which he unsuccessfully pursued previously.
The trial court did not err in dismissing appellant's petition for a writ of habeas corpus.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. and Evans, J.: Concur in Judgment and Opinion.