OPINION
{¶ 1} Petitioner-appellant, Prince Charles Cotten, Sr., appeals a decision of the Madison County Court of Common Pleas dismissing his petition for a writ of habeas corpus filed against respondent-appellee, Marc C. Houk, warden of the correctional facility where appellant is currently incarcerated and serving a life sentence.
 {¶ 2} In 1976, appellant was convicted of aggravated murder and sentenced to death. While reviewing the conviction and sentence on direct appeal, the Supreme Court of Ohio — acting in conformity with the mandates issued in Lockett v. Ohio (1978),438 U.S. 586, 98 S.Ct. 2954, and Bell v. Ohio (1978),438 U.S. 637, 98 S.Ct. 2977, wherein the United States Supreme Court held Ohio's death penalty scheme unconstitutional — subsequently modified and reduced appellant's death sentence to life imprisonment. See State v. Cotton (1978), 56 Ohio St.2d 8, at 13-14.
 {¶ 3} Nearly 15 years later, appellant filed his habeas corpus petition, claiming he was being unlawfully held under the Ohio Supreme Court's 1978 decision reducing his sentence to life imprisonment. The common pleas court granted appellee's motion to dismiss on grounds that appellant failed to challenge the jurisdiction of the sentencing court and because appellant was not entitled to immediate release since his life sentence had not expired.
 {¶ 4} Appellant submits five assignments of error on appeal. Although touching on numerous and diverse issues, appellant's assignments can all be narrowed to the principal claim that the common pleas court erred in dismissing the petition for habeas corpus.
 {¶ 5} Habeas corpus is an extraordinary civil remedy to enforce the right of personal liberty and is available to free a person unlawfully detained for any reason, but only where there is no adequate legal remedy. See State ex rel. Jackson v.McFaul, 73 Ohio St.3d 185, 1995-Ohio-228. Habeas corpus is not a substitute for, nor is it a concurrent remedy with, a direct appeal. Walker v. Maxwell (1965), 1 Ohio St.2d 136, 137.
 {¶ 6} Appellant suggests that the Ohio Supreme Court could not impose a life sentence while reviewing his case on direct appeal inasmuch as the state's highest court was without jurisdiction to sentence appellant. Instead, appellant claims only the common pleas court had jurisdiction to impose a sentence other than the death penalty. In this regard, appellant argues he is challenging the jurisdiction of the "sentencing court," i.e., the Ohio Supreme Court.
 {¶ 7} In modifying appellant's sentence, the Ohio Supreme Court simply followed the mandate issued by the United States Supreme Court in its decisions in Lockett and Bell. InLockett and Bell, the United States Supreme Court granted certiorari to review the Ohio Supreme Court's decisions in those death penalty cases. The Supreme Court reversed the Ohio Supreme Court's decisions upholding the imposition of the death penalty and remanded those decisions to the Ohio Supreme Court for further proceedings according to law. This was precisely the very same action taken by the Ohio Supreme Court in 1978 when, fully aware of the Lockett and Bell decisions, it modified appellant's sentence to life imprisonment.
 {¶ 8} In addition, habeas corpus will not lie where an alleged error or irregularity in a criminal proceeding can be challenged on appeal, and where appeal is or was available.Davie v. Edwards, 80 Ohio St.3d 170, 1997-Ohio-127. Here, appellant could have directly appealed the Ohio Supreme Court's 1978 decision to impose a life sentence but chose not to.
 {¶ 9} Finally, appellant is not entitled to habeas corpus unless "his maximum sentence has expired and [he] is being held unlawfully." Frazier v. Stickrath (1988), 42 Ohio App.3d 114,116 (emphasis added). Appellant has not served his maximum sentence and is not being held unlawfully.
 {¶ 10} Based upon the foregoing, we conclude that appellant was not entitled to habeas corpus relief. The common pleas court did not err in granting appellee's motion to dismiss appellant's petitions. Appellant's assignments of error are hereby overruled.
 {¶ 11} Judgment affirmed.
Young, P.J., and Valen, J., concur.