PER CURIUM OPINION
{¶ 1} This action is currently before this court for consideration of a petition for writ of habeas corpus filed by petitioner, Michael Manns. Respondents, Rich Gansheimer, Warden of the Lake Erie Correctional Institution, and Terry Collins, Director of the Lake Erie Correctional Institution, have filed a motion for summary judgment. *Page 2 
 {¶ 2} In 1977, petitioner was convicted of ten counts of aggravated robbery, ten counts of kidnapping, and one count of aggravated murder. The convictions related to crimes committed during a paint store robbery in Cuyahoga County. Petitioner received prison sentences of seven to 25 years on each of the aggravated robbery and kidnapping convictions, to be served concurrently to each other. In addition, the Cuyahoga County Court of Common Pleas sentenced petitioner to death for the aggravated murder conviction.
 {¶ 3} Petitioner appealed his convictions and death sentence to the Eighth District Court of Appeals. The Eighth District affirmed petitioner's convictions. State v. Manns, 8th Dist. No. 38526, 1979 Ohio App. LEXIS 9377. However, based upon the United States Supreme Court's decisions in Lockett v. Ohio (1978), 438 U.S. 586 and Bell v. Ohio
(1978), 438 U.S. 637, the Eighth District modified petitioner's death sentence to a term of life imprisonment for his aggravated murder conviction. Id. at *11. There is no evidence in the record suggesting that petitioner appealed the Eighth District's decision to the Supreme Court of Ohio.
 {¶ 4} In February 2007, Petitioner filed his original action for a writ of habeas corpus in this court. In March 2007, this court issued an alternative writ. Thereafter, respondents filed their motion for summary judgment. Petitioner has not responded to respondents' motion for summary judgment.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. In addition, it must *Page 3 
appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. Civ.R. 56(C)
 {¶ 6} In another habeas corpus case, this court recently held that "although a question as to the sufficiency of the [petitioner's] allegations should usually be raised in a Civ.R. 12(B)(6) motion, a sufficiency argument can form the basis of a proper motion for summary judgment." (Citation omitted.) Thompson v. Gansheimer, 11th Dist. No. 2006-A-0086, 2007-Ohio-3477, at ¶ 16. This approach is consistent with the directive articulated by the Supreme Court of Ohio — "if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." Pegan v. Crawmer (1995), 73 Ohio St.3d 607, 609.
 {¶ 7} Most commonly, a petition for a writ of habeas corpus attacks the jurisdiction of the sentencing court. State ex rel. Jackson v.McFaul (1995), 73 Ohio St.3d 185, 187. In addition, in extraordinary circumstances, the petition may attack nonjurisdictional issues, but only if there is no other "adequate legal remedy, e.g., appeal or postconviction relief." Id. at 186.
 {¶ 8} In this matter, petitioner claims he is being held in prison without a valid sentencing entry. He claims the trial court had a duty to conduct a new sentencing hearing following the vacation of his death sentence by the Eighth District. We disagree. The Eighth District's judgment was "modified and affirmed as modified." State v. Manns, 1979 Ohio App. LEXIS 9377. Modification of a trial court's judgment entry is well within the authority of an appellate court. See App.R. 12(A)(1)(a).
 {¶ 9} Moreover, we note the Twelfth Appellate District has reached a similar conclusion. In Cotton v. Houk, the prisoner claimed the Supreme Court of Ohio could *Page 4 
not impose a life sentence after vacating his death sentence. Cotton v.Houk, 12th Dist. No. CA2003-12-041, 2004-Ohio-5823. The Twelfth District disagreed, holding:
 {¶ 10} "In modifying appellant's sentence, the Ohio Supreme Court simply followed the mandate issued by the United States Supreme Court inLockett and Bell. In Lockett and Bell, the United States Supreme Court * * * reversed the Ohio Supreme Court's decisions upholding the imposition of the death penalty and remanded those decisions to the Ohio Supreme Court for further proceedings according to law. This was precisely the very same action taken by the Ohio Supreme Court in 1978 when, fully aware of the Lockett and Bell decisions, it modified appellant's sentence to life imprisonment." Id. at ¶ 7.
 {¶ 11} Petitioner's life sentence was appropriately imposed by the Eighth District's modification of the trial court's judgment entry. Thus, there is no error regarding the jurisdiction of the sentencing court.
 {¶ 12} Finally, petitioner has not demonstrated that this is an extraordinary circumstance in which his life sentence should be challenged. Even if petitioner had met this burden, his claim would still fail, because he had another adequate remedy at law, to wit — a direct appeal to the Supreme Court of Ohio, to challenge the Eighth District's imposition of a life sentence. State ex rel. Jackson v.McFaul, 73 Ohio St.3d at 186. See, also, Cotton v. Houk, at ¶ 8. Petitioner did not appeal the Eighth District's decision to the Supreme Court of Ohio.
 {¶ 13} Respondents' motion for summary judgment is granted. It is the order of this court that final judgment is entered in favor of respondents as to petitioner's entire *Page 5 
habeas corpus claim.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur. *Page 1