[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Quillen v. Wainwright,* Slip Opinion No. 2018-Ohio-922.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-922

THE STATE EX REL. QUILLEN, APPELLANT, *v.* WAINWRIGHT, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Quillen v. Wainwright,* Slip Opinion No. 2018-Ohio-922.]

*Habeas corpus—Alleged sentencing error not cognizable in habeas corpus—Court of appeals' dismissal of petition affirmed.*

(No. 2017-0286—Submitted November 21, 2017—Decided March 14, 2018.)

APPEAL from the Court of Appeals for Marion County,

No. 9-16-45.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Third District Court of Appeals dismissing the petition of appellant, Terrance Quillen, for a writ of habeas corpus.

{¶ 2} In 2001, Quillen entered guilty pleas to three counts of rape.  The Butler County Common Pleas Court sentenced him to nine years of imprisonment

for each count and ordered two of the three sentences to run consecutively. Quillen is presently in the custody of appellee, Lyneal Wainwright, warden of the Marion Correctional Institution.

**{¶ 3}** In September 2016, Quillen filed a petition for a writ of habeas corpus in the Third District Court of Appeals, arguing that the trial court had failed to make the requisite findings under R.C. 2929.14(C)(4) (formerly R.C. 2929.14(E)(4)) before imposing consecutive sentences in 2001. According to Quillen, this renders his consecutive sentences void and means that his nine-year terms must be served concurrently. And because Quillen has already served nine years, he contends that he is entitled to immediate release.

**{¶ 4}** The warden filed a motion to dismiss under Civ.R. 12(B)(6), which Quillen opposed. Quillen then moved for leave to amend his petition, seeking to challenge the validity of three *additional* sentences, which had been imposed by the juvenile division of a common pleas court in 2000. The warden opposed the motion, arguing that Quillen had failed to "sufficiently explain his failure to raise any claim challenging the juvenile court sentencing entries for more than 16 years."

**{¶ 5}** In January 2017, the court of appeals dismissed Quillen's habeas corpus petition for two reasons: he failed to state a claim upon which relief could be granted in a habeas corpus action, and he did not fully comply with the requirements of R.C. 2969.25(A). The court also denied Quillen's motion for leave to amend, reasoning that it was "neither proper nor timely filed." 3d Dist. Marion No. 9-16-45 (Jan. 23, 2017).

**{¶ 6}** We affirm the court of appeals' dismissal of Quillen's petition because his claims are not cognizable in habeas corpus. "Habeas corpus will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Appenzeller v. Miller,* 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9. Quillen's argument hinges

2

on his claim that the trial court improperly imposed consecutive sentences in 2001. But Quillen could have raised the issue of improper consecutive sentences on appeal. *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.2d 382, ¶ 8 (challenges to consecutive sentences must be brought on direct appeal). Because Quillen has or had adequate remedies in the ordinary course of law for a court to review his sentencing entry, he is not entitled to habeas corpus relief.[1]

{¶ 7} Likewise, the court of appeals properly denied Quillen's motion for leave to amend. According to Quillen, the court should have granted leave because he first discovered the errors in the 2000 juvenile-court orders while researching his present habeas corpus claim. But the court of appeals had discretion over whether to grant or deny Quillen's motion. *See Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991) (reviewing for an abuse of discretion a lower court's ruling on a motion for leave to amend a pleading). And Quillen has failed to establish that the court abused its discretion by finding that his motion was improper and untimely.

{¶ 8} For these reasons, we affirm the court of appeals' judgment dismissing Quillen's habeas corpus petition and denying his motion for leave to amend the petition.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Terrance Quillen, pro se.

---

[1] Because this is a sufficient basis upon which to affirm the dismissal of Quillen's habeas corpus petition, we need not address Quillen's first proposition of law, which challenges the court of appeals' finding that the petition should be dismissed because Quillen's affidavit did not comply with R.C. 2969.25(A).

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____