[Cite as *State ex rel. Ali v. Sloan*, 2018-Ohio-4667.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>OSIRIS ALI, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | | |
| | : | **CASE NO. 2018-A-0065** |
| - vs - | | |
| | : | |
| BRIGHAM SLOAN, WARDEN, | | |
| | : | |
| Respondent. | | |

Original Action for Writ of Habeas Corpus.

Judgment:  Petition dismissed.


*Osiris Ali*, pro se, PID:  A503-171, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH  44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH  43215 and *Maura O'Neill Jaite*, Senior Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent).


PER CURIAM.


{¶1}   Petitioner, Osiris Ali, seeks a writ of habeas corpus compelling respondent, Warden Brigham Sloan, to release him from prison.  We dismiss.

{¶2}   In a writ of habeas corpus, the petitioner has the burden of proving his right to release from prison.  *Chari v. Vore,* 91 Ohio St.3d 323, 325, 2001-

Ohio-49, 744 N.E.2d 763. "[T]he petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings." (Citation omitted.) *Id.*

{¶3} Habeas corpus, an extraordinary writ, is not available when the petitioner has an adequate remedy at law. *In re Coleman,* 95 Ohio St.3d 284, 2002-Ohio-1804, 767 N.E.2d 677, ¶4, citing *Gaskins v. Shiplevy,* 76 Ohio St.3d 380, 383, 667 N.E.2d 1194 (1996).

{¶4} Sloan moves for dismissal under Civ.R. 12(B)(6) and alternatively for summary judgment under Civ.R. 56. Dismissal is warranted because Ali's petition fails to state a claim upon which relief can be granted.

{¶5} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers–Klarich v. Middletown Mgt., Inc.,* 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶11. In order to dismiss a petition under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the petitioner can prove no set of facts in support of the claim that would entitle him to the requested relief. *Ohio Bur. of Workers' Comp. v. McKinley,* 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶12.

{¶6} When considering a Civ.R. 12(B)(6) motion, we only review the complaint and must accept all factual allegations as true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio,* 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶5. A court

"cannot rely on evidence or allegations outside the complaint." *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

{¶7}  Here, Ali contends that his jury trial waiver is invalid because the trial court did not strictly comply with R.C. 2945.05.  Ali argues that certain, required language set forth in R.C. 2945.05 is not included in his jury trial waiver, and as such, his imprisonment following bench trial is unlawful because the court lacked jurisdiction and his conviction is void.

{¶8}  Regardless of the content of Ali's jury trial waiver, however, a court's failure to strictly comply with R.C. 2945.05 is an issue that can be raised on direct appeal.  *State v. Pless,* 74 Ohio St.3d 333, 339, 658 N.E.2d 766 (1996). And irrespective of whether Ali appealed or if this remedy is still available, the fact that he *could have* pursued a direct appeal and raised this issue precludes the matter from being addressed via habeas corpus relief.  *Davie v. Edwards,* 80 Ohio St.3d 170, 1997-Ohio-127, 685 N.E.2d 228 (1997); *Luna v. Russell,* 70 Ohio St.3d 561, 1994-Ohio-264, 639 N.E.2d 1168 (1994).

{¶9}  Because Ali had an adequate remedy at law, Sloan's motion to dismiss is granted, and the petition is dismissed.


THOMAS R. WRIGHT, P.J., CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.