[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kerr v. Turner,* Slip Opinion No. 2019-Ohio-4760.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4760

THE STATE EX REL. KERR, APPELLANT, *v.* TURNER, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kerr v. Turner,* Slip Opinion No. 2019-Ohio-4760.]

*Habeas corpus—Inmate's claims barred by res judicata and not cognizable in habeas—Court of appeals' dismissal of complaint affirmed.*

(No. 2019-0620—Submitted August 6, 2019—Decided November 21, 2019.)

APPEAL from the Court of Appeals for Marion County, No. 9-19-06.

_____

**Per Curiam.**

{¶ 1} Appellant, Jeremy Kerr, an inmate at North Central Correction Institution, appeals the dismissal of his complaint for a writ of habeas corpus. We affirm.

**Background**

{¶ 2} Kerr was convicted in the Wood County Court of Common Pleas of four counts of forgery and four counts of tampering with evidence. *State v. Kerr,*

Wood C.P. No. 2012CR0389.  In June 2013, the trial court sentenced him to an aggregate prison term of seven years and eight months.

{¶ 3} On January 28, 2019, he filed a petition for a writ of habeas corpus in the Third District Court of Appeals against appellee, Warden Neil Turner.  The court of appeals dismissed the complaint on the grounds that it failed to state a claim for habeas relief and was barred by res judicata.

{¶ 4} Kerr appealed.

**Analysis**

{¶ 5} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' "  *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996).  With few exceptions, habeas corpus will lie only to challenge the jurisdiction of the sentencing court. *State ex rel. Quillen v. Wainwright*, 152 Ohio St.3d 566, 2018-Ohio-922, 99 N.E.3d 360, ¶ 6.

{¶ 6} Kerr's complaint challenges his convictions under four theories, none of which is cognizable in habeas corpus.  First, he argues that the prosecution failed to prove every element of the charged forgery offenses.  But habeas corpus is not available to challenge the sufficiency of the evidence.  *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4.

{¶ 7} Next, Kerr asserts that the evidence did not establish that the crimes occurred in Wood County.  But an alleged failure to prove venue "must be raised by appeal" and is not a "question[] cognizable in habeas corpus." *Cook v. Maxwell*, 2 Ohio St.2d 107, 108-109, 206 N.E.2d 558 (1965).

{¶ 8} Finally, Kerr argues that the trial court improperly admitted hearsay evidence and that the state engaged in prosecutorial misconduct.  These claims are not cognizable in habeas corpus.  *Davie v. Edwards*, 80 Ohio St.3d 170, 170-171,

685 N.E.2d 228 (1997) (challenges to the admissibility of evidence); *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 15 (claims of prosecutorial misconduct).

{¶ 9} The court of appeals also correctly concluded that Kerr's claims are barred by res judicata. In his own complaint, Kerr states that he took a direct appeal from his convictions. And in that appeal, he unsuccessfully challenged venue and the sufficiency of the evidence—the same claims that feature in his habeas corpus petition. *See State v. Kerr*, 6th Dist. Wood No. WD-13-047, 2014-Ohio-5455, ¶ 1, 29.

{¶ 10} For these reasons, we affirm the court of appeals' judgment dismissing Kerr's complaint for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

———————————

Jeremy Kerr, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

———————————