[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kerr v. Turner,* Slip Opinion No. 2020-Ohio-459.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-459

THE STATE EX REL. KERR, APPELLANT, *v.* TURNER, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kerr v. Turner,* Slip Opinion No. 2020-Ohio-459.]**

*Habeas corpus—R.C. 2725.04(D)—Failure to attach commitment papers to petition—Challenge to admissibility of evidence not cognizable in habeas corpus—Habeas corpus not available to challenge sufficiency of the evidence—Court of appeals' dismissal of petition affirmed.*

(No. 2019-1024—Submitted November 13, 2019—Decided February 13, 2020.)

APPEAL from the Court of Appeals for Marion County, No. 9-19-30.

_____

**Per Curiam.**

{¶ 1} This appeal involves a request by appellant, Jeremy Kerr, a prison inmate, for a writ of habeas corpus.  The court of appeals dismissed Kerr's petition, concluding that he failed to attach all his commitment papers to his petition under R.C. 2725.04(D), that he failed to state a proper claim for relief in habeas corpus, and that his petition is barred under the doctrine of res judicata.  We affirm.

**Background**

{¶ 2} In August 2013, Kerr was convicted in the Ottawa County Court of Common Pleas of one count of theft in violation of R.C. 2913.02(A)(2) and one count of theft in violation of R.C. 2913.02(A)(3). The court sentenced him to an aggregate prison term of 60 months. At the time of his sentencing, Kerr already was serving a 92-month prison term for convictions entered in the Wood County Court of Common Pleas. *See State v. Kerr*, 6th Dist. Wood No. WD-13-047, 2014-Ohio-5455, ¶ 1. The Ottawa County court ordered Kerr to serve his sentence consecutively to the Wood County sentence. Kerr appealed the Ottawa County judgment to the Sixth District Court of Appeals, which affirmed his convictions and sentence. *See State v. Kerr*, 6th Dist. Ottawa No. OT-13-036, 2015-Ohio-2228.

{¶ 3} In May 2019, Kerr filed a petition for a writ of habeas corpus in the Third District Court of Appeals against appellee, Neil Turner, warden of the North Central Correctional Complex. In his petition, Kerr challenged the validity of his Ottawa County convictions by alleging that the trial court improperly admitted other-acts evidence, that his convictions were not supported by sufficient evidence, and that he should have been acquitted because he was acquitted of similar charges in another case. The Third District dismissed the petition on the grounds that (1) Kerr failed to attach commitment papers related to his Wood County convictions, (2) his petition failed to state a cognizable habeas claim, and (3) his claims are barred by res judicata.

{¶ 4} Kerr appealed to this court as of right.

**Analysis**

{¶ 5} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). Habeas corpus ordinarily

lies only to challenge the jurisdiction of the sentencing court. *State ex rel. Quillen v. Wainwright*, 152 Ohio St.3d 566, 2018-Ohio-922, 99 N.E.3d 360, ¶ 6.

{¶ 6} The court of appeals properly dismissed Kerr's petition. First, although Kerr did attach his Ottawa County commitment papers to his petition, his failure to attach commitment papers related to his Wood County convictions is a fatal defect. *See Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 2, 6-8. Under R.C. 2725.04(D), "all commitment papers are necessary for a complete understanding of [a habeas] petition." *Id*. at ¶ 6-7.

{¶ 7} The court of appeals also was correct in concluding that Kerr's petition fails to state a claim cognizable in habeas corpus. The petition asserts three basic claims: (1) that the trial court improperly admitted other-acts evidence, (2) that Kerr's convictions were not supported by sufficient evidence, and (3) that he should have been acquitted because he was acquitted of similar charges in another case. The third claim is essentially that his convictions were against the manifest weight of the evidence.

{¶ 8} Challenges to the admissibility of evidence are not cognizable in habeas corpus. *Davie v. Edwards*, 80 Ohio St.3d 170, 170-171, 685 N.E.2d 228 (1997). And habeas corpus is not available to challenge the sufficiency of the evidence. *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4.

{¶ 9} For these reasons, the court of appeals properly dismissed Kerr's habeas corpus petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Jeremy Kerr, pro se.

Dave Yost, Attorney General, and Stephanie Watson, Assistant Attorney General, for appellee.

————————————