**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Carter v. May***, Slip Opinion No. 2020-Ohio-4522.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4522

CARTER, APPELLANT, *v.* MAY,[1] WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Carter v. May***, Slip Opinion No. 2020-Ohio-4522.]**

*Habeas corpus—Inmate failed to state claim cognizable in habeas—Court of appeals' dismissal of petition affirmed.*

(No. 2020-0328—Submitted June 16, 2020—Decided September 24, 2020.)

APPEAL from the Court of Appeals for Lucas County,

No. L-19-1279.

_____

**Per Curiam.**

{¶ 1} Appellant, Anthony D. Carter, appeals from the court of appeals' judgment dismissing his habeas corpus petition. We affirm.

{¶ 2} Carter was convicted of multiple felony drug-related offenses and sentenced in 2018 to an aggregate 32-year prison term. His convictions and

_____

1. Carter asserted his claim against Sean Bowerman, who was the warden of the Toledo Correctional Institution when the petition was filed. The current warden, Harold May, is automatically substituted as a party to this action under S.Ct.Prac.R. 4.06(B).

sentences were affirmed on direct appeal. *State v. Carter*, 4th Dist. Pickaway No. 18CA1, 2018-Ohio-4503. In 2019, Carter filed a petition for a writ of habeas corpus in the Sixth District Court of Appeals against the warden of the Toledo Correctional Institution, alleging that his convictions were not supported by sufficient evidence. The Sixth District concluded that Carter had failed to state a cognizable habeas claim and dismissed the petition. Carter has appealed to this court as of right.

{¶ 3} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Peagan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). Habeas corpus ordinarily lies only to challenge the sentencing court's jurisdiction. *State ex rel. Quillen v. Wainwright*, 152 Ohio St.3d 566, 2018-Ohio-922, 99 N.E.3d 360, ¶ 6. It is well-settled that a writ of habeas corpus is not available to challenge the sufficiency of the evidence, because such a claim may be raised on appeal. *Caudill v. Brigano*, 100 Ohio St.3d 37, 2003-Ohio-4777, 795 N.E.2d 674, ¶ 3.

{¶ 4} The Sixth District therefore was correct in determining that Carter's petition fails to state a claim cognizable in habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Anthony D. Carter, pro se.

_____