[Cite as *Westerfield v. Bracy*, 2022-Ohio-1904.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

JASON L. WESTERFIELD,

Petitioner,

- v -

CHARMAINE BRACY, WARDEN,

Respondent.

CASE NO. 2022-T-0012

Original Action for Habeas Corpus

## P E R  C U R I A M
## O P I N I O N

Decided: June 6, 2022
Judgment: Petition dismissed

*Jason L. Westerfield,* pro se, PID# A702-804, Trumbull Correctional Institution, 5701 Burnett Road, P.O Box 901, Leavittsburg, OH 44430 (Petitioner).

*David Yost,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1}    Petitioner, Jason Westerfield, seeks a writ of habeas corpus compelling Respondent, Warden Charmaine Bracy, to release him from prison. For the following reasons, we dismiss.

{¶2}    In a writ of habeas corpus, the petitioner has the burden of proving his right to release from prison. *Chari v. Vore*, 91 Ohio St.3d 323, 325, 2001-Ohio-49, 744 N.E.2d 763. "[T]he petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings." (Citation omitted.) *Id.*

{¶3} Habeas corpus is an extraordinary writ and is not available when the petitioner has an adequate remedy at law. *In re Coleman*, 95 Ohio St.3d 284, 2002-Ohio-1804, 767 N.E.2d 677, ¶ 4, citing *Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 383, 667 N.E.2d 1194 (1996).

{¶4} Respondent filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted and petitioner has responded.

{¶5} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers–Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. To grant a motion to dismiss under Civ.R. 12(B)(6), it must appear beyond doubt that the petitioner can prove no set of facts in support of the claim that would entitle him to the requested relief. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12.

{¶6} When considering a Civ.R. 12(B)(6) motion, we only review the complaint and must accept all factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5. A court "cannot rely on evidence or allegations outside the complaint." *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

{¶7} Here, after a jury trial, petitioner was found not guilty of aggravated burglary but found guilty of the lesser offense of burglary. Petitioner contends that he is being unlawfully restrained of his liberty "for a conviction in which there was no verifiable finding of guilt; that the jury's verdict form for the lone count of Aggravated Burglary, and its lesser

2

offense of Burglary, in Case No. 17-CR-0235 was not signed by any members of the jury, and the trial court did not poll the jury. Consequently, the court failed to establish Westerfield's guilt, making any subsequent ruling on the assumption of guilt a nullity."

{¶8} However, regardless of the content of petitioner's argument, he could have raised this issue on direct appeal, but failed to do so. He himself acknowledged this in his petition. He states that he timely appealed his conviction to the Third District Court of Appeals in *State v. Westerfield*, 3rd Dist. Crawford No. 3-17-15, 2018-Ohio-2139 and that the Ohio Supreme Court declined his appeal in *State v. Westerfield*, 153 Ohio St.3d 1505, 2018-Ohio-4285, 109 N.E.3d 1261. He conceded that "[n]one of the aforementioned appeals addressed the issue requiring immediate release presented herein." Thus, this precludes the matter from being addressed via habeas corpus relief. *Davie v. Edwards*, 80 Ohio St.3d 170, 1997-Ohio-127, 685 N.E.2d 228 (1997); *Luna v. Russell*, 70 Ohio St.3d 561, 1994-Ohio-264, 639 N.E.2d 1168 (1994).

{¶9} Finally, respondent argues that petitioner has failed to comply with R.C. 2969.25(A) which requires an inmate commencing a civil action against a government entity to "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The description of each civil action or appeal must include:

> (1) a brief description of the nature of the civil action or appeal;
>
> (2) the case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an

3

award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶10} In this case, petitioner submitted an affidavit indicating he filed a federal habeas petition in Case No. 1:19-cv-1733 and that he filed a civil claim in the Ohio Court of Claims in Case No. 2020-00036AD. However, he failed to comply with the requirements of R.C. 2969.25(A) because he did not name the parties to these actions or the outcomes of these actions. Further, petitioner failed to include any reference to two federal habeas petitions filed in Case No. 1:19-cv-911 or Case No. 1:18-cv-2725. Petitioner acknowledges that he did not reference these federal habeas petitions and asks the court to consider the error harmless as he voluntarily dismissed those habeas petitions and did not realize he needed to reference them in his affidavit. However, we need not address this issue as our substantive ruling regarding respondent's motion to dismiss renders this deficiency moot.

{¶11} Because petitioner had an adequate remedy at law, respondent's motion to dismiss is granted, and the petition is dismissed.


CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

4

Case No. 2022-T-0012